**CITIZENS FOR A BETTER ENVIRONMENT, an Illinois Not-for-Profit Corporation, for itself and on behalf of its members, Appellant,**

v.

**Douglas COSTLE, Individually and as Administrator of the Environmental Protection Agency, et al.**

**No. 79–1263.**

United States Court of Appeals, District of Columbia Circuit.

Argued Jan. 4, 1980.

Decided Feb. 12, 1980.

Bill Forcade, for appellant.

Gail Osherenko, Atty., Dept. of Justice, Washington, D. C., with whom James W. Moorman, Asst. Atty. Gen., Barry J. Trilling and Edward J. Shawaker, Attys., Dept. of Justice, Washington, D. C., were on the brief, for appellees.

Before TAMM and MacKINNON, Circuit Judges, and OLIVER GASCH,* U. S. District Judge for the District of Columbia.

Opinion PER CURIAM.

PER CURIAM:

This controversy involves the promulgation by the Environmental Protection Agency of regulations under the Resources Conservation and Recovery Act of 1976, 42 U.S.C. §§ 6901–6987 (1976) (RCRA or Act). On appeal, Citizens for a Better Environment (CBE) asks this court to require the Agency's Administrator to provide standards in these regulations for determining whether sewage sludge qualifies as a hazardous waste under the Act. The Agency,

which is still formulating these regulations, contends that the suit is premature. We agree.

## I.

Congress passed the Act in 1976 to check abuses in the disposal of solid wastes and hazardous materials. *See* 42 U.S.C. §§ 6901–6902. Congress gave the Agency eighteen months to "develop and promulgate criteria for identifying the characteristics of hazardous waste, and for listing hazardous waste, which should be subject to the provisions of this subchapter . . .." *Id.* § 6921(a). In a separate section, Congress defined "hazardous waste" to be a "solid waste, or combination of solid wastes" that causes health or environmental problems. *Id.* § 6903(5).[1]

The Act also included a provision for citizens' suits that allows any person to bring an action "against the Administrator where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator." *Id.* § 6972(a)(2). CBE brought suit under this section when the Agency failed to issue the regulations under section 6921 within eighteen months. It asked the court to require the Agency to issue the regulations within thirty days of judgment. Furthermore, CBE sought a declaration that the Agency had a nondiscretionary duty to include in those regulations "criteria for identifying and criteria for listing . . ., pursuant to RCRA § 3001, 42 USC § 6921, any sludge from a waste treatment plant, which may cause or pose" the health or environmental problems mentioned in the definition of hazardous waste.[2] Complaint for Plaintiff at 5, *Citi-*

---

* Sitting by designation pursuant to 28 U.S.C. § 292(a) (1976).

1. The provision states in its entirety:
    The term "hazardous waste" means a solid waste, or combination of solid wastes, which because of its quantity, concentration, or physical, chemical, or infectious characteristics may—
      (A) cause, or significantly contribute to an increase in mortality or an increase in serious

irreversible, or incapacitating reversible, illness; or
      (B) pose a substantial present or potential hazard to human health or the environment when improperly treated, stored, transported, or disposed of, or otherwise managed.
    42 U.S.C. § 6903(5) (1976).

2. *See* note 1 *supra.* CBE is concerned with the use of sewage sludge as a fertilizer for crops. It does not ask, however, for any specific con-

zens *for a Better Environment v. Costle,* No. 78–1734 (D.D.C., filed Sept. 15, 1978) (consolidated with other cases *sub nom. Illinois v. Costle,* No. 78–1689 (D.D.C. Nov. 7, 1978)), *reprinted in* Joint Appendix (J.A.) at 1, 6.

On January 3, 1979, the district court (Gesell, J.) issued an order granting CBE partial relief. Noting that "the Court cannot appropriate funds; . . . and it cannot manage the agency's efforts," Transcript of Proceedings at 5, *Illinois v. Costle,* No. 78–1689 (D.D.C. Jan. 3, 1979), *reprinted in* J.A. at 27, 29, Judge Gesell refused to impose the thirty-day deadline. Instead, he established a timetable for the promulgation in final form of the regulations under section 6921.[3] On CBE's other request, the court stated:

> the Court feels the Plaintiff's request . . . for an interpretation of Section 3001 [42 U.S.C. § 6921] is premature; that Plaintiff should be required to pursue the matter before the agency in the rule-making proceedings and that that aspect of its complaint fails to state a cause of action on which relief can be granted and ultimately, of course, will have to be reviewed by the Court of Appeals.

*Id.* at 9, *reprinted in* J.A. at 31. CBE appeals the district court's decision only in-sofar as it denies relief on the regulation of sewage sludge.

## II.

CBE claims the Administrator of the Agency has a nondiscretionary duty to include provisions in its regulations under section 6921 for determining whether sewage sludge is a hazardous material.[4] We do not reach that question, however, for despite the Agency's failure to promulgate the regulations on time, the suit is not ripe for judicial consideration at this time. Final regulations should issue before this question is considered.[5]

The test for the ripeness of a controversy, as enunciated in *Abbott Laboratories v. Gardner,* 387 U.S. 136, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967), requires a court to "evaluate both the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration." *Id.* at 149, 87 S.Ct. at 1515. The doctrine is designed "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies, and also to protect the agencies from judicial interference until an administrative decision has been formalized and its effects felt in a concrete way by the challenging parties." *Id.* at 148–49, 87 S.Ct. at 1515. It thus

tent to the regulations; rather it suggests that this court "leav[e] open for the Administrator's discretion how those regulations will be written and whether or not any sludge will in fact be a hazardous waste." Brief for CBE at 11.

**3.** The EPA could not meet the deadlines established by the district court on January 3, 1979. In an order issued December 18, 1979, the district court stated that the "EPA is continuing to proceed conscientiously and in complete good faith to promulgate regulations" under §§ 6921–6926 of RCRA; the court therefore issued the following timetable for final promulgation of the regulations:

| | |
|---|---|
| Sections 6922 and 6923 | February, 1980 |
| Sections 6921, 6925, and 6926 | April, 1980 |
| Section 6924 (Phase I) | April, 1980 |
| Section 6924 (Phase II) | Fall, 1980 |

*Illinois v. Costle,* No. 78–1689 (D.D.C. Dec. 18, 1979) (order amending timetable).

**4.** CBE bases its argument on its reading of the statutory language of RCRA. Sewage sludge is included within the definition of "solid waste," 42 U.S.C. § 6903(27): "The term 'solid waste' means any garbage, refuse, *sludge from a waste treatment plant, water supply treatment plant, or air pollution control facility* and other discarded material . . .." 42 U.S.C. § 6903(27) (1976) (emphasis added). A hazardous waste, for which regulations must be promulgated, is in turn defined in terms of "solid wastes." *See id.* § 6903(5), *quoted at* note 1 *supra.* Given this statutory scheme, CBE contends the Administrator has a nondiscretionary duty to include provisions on sewage sludge in its regulations under § 6921.

**5.** Of course, at some point an agency's failure to act becomes, in effect, a final decision to reject a proposed course of action, which is reviewable. *See Environmental Defense Fund, Inc. v. Hardin,* 138 U.S.App.D.C. 391, 428 F.2d 1093 (D.C.Cir.1970). Such is not the case here, for the Agency is acting to promulgate the regulations at issue.

promotes judicial efficiency by allowing courts to hear only those controversies that are real and well-defined.

This case does not meet the *Abbott Laboratories* standard. First, CBE does not challenge any final agency action, for none has been taken. As the district court noted, the Agency is acting in good faith, wrestling with difficult questions of technology and policy in formulating the regulations at issue. It has announced Proposed Hazardous Waste Guidelines and Regulations, 43 Fed.Reg. 58,946, 58,951 (Dec. 18, 1978), for notice and comment, and it is now evaluating those proposals in light of the public comments, including CBE's, that it has received.

Until the Agency acts by issuing final regulations, this court should not determine whether the Agency must regulate sewage sludge under the Act. The final regulations may include the very provisions CBE wishes. Moreover, courts should be wary of injecting judicial pronouncements into the administrative process before final action is taken. Sound discretion in this case counsels restraint. *See National Resources Defense Council, Inc. v. Train,* 166 U.S.App. 312, 323, 510 F.2d 692, 703 (D.C.Cir.1974).

Denying review to CBE at this time also imposes little hardship.[6] As mentioned above, the final regulations may answer CBE's concerns, thus mooting the issue. If the regulations are not satisfactory to CBE, ample opportunity will exist for review of the regulations and of the scope of the Administrator's duty.[7]

### III.

Having concluded that the case is not ripe for consideration at this time, we do not reach its merits. Under the timetable established by the district court, these regulations are due to be issued soon, and appropriate review can take place then. Therefore, the decision of the district court is affirmed, and the case is remanded to the district court for further proceedings not inconsistent with this opinion.

*It is so ordered.*

---

**6.** This case does not pose to CBE the hardship that confronted petitioner in *Abbott Laboratories,* namely complying with a burdensome administrative rule or facing prosecution for noncompliance and only then challenging the regulation.

**7.** Once final regulations are issued, exclusive jurisdiction will lie in this court to hear a "petition for review of action of the Administrator in promulgating any regulation, or requirement" under the Act. 42 U.S.C. § 6976 (1976). Because we find that ripeness precluded the dis-

trict court from considering CBE's request, we need not decide whether 42 U.S.C. § 6976 would also preclude such an action in the district court. *See Oljato Chapter of Navajo Tribe v. Train,* 169 U.S.App.D.C. 195, 202 n.9, 515 F.2d 654, 661 & n.9 (D.C.Cir.1975); *Anaconda Co. v. Ruckelshaus,* 482 F.2d 1301, 1304 (10 Cir. 1973) (discussing relationship between provision granting exclusive jurisdiction to this court to review Agency regulations and statute similar to 42 U.S.C. § 6972(a)(2) authorizing citizens' suits in district court).